

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

David G. Keyko
tel: +1.212.858.1604
david.keyko@pillsburylaw.com

March 7, 2022

<u>Via ECF</u>

Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***Gerald Grunsfeld v. Bryan Bui-Tuong and Parley Labs Inc.* (1:22-cv-00078) –
Request for Pre-Motion Conference regarding Motion to Dismiss pursuant to
Fed. R. Civ. P. 12**

Dear Judge Komitee:

We represent defendants Bryan Bui-Tuong and Parley Labs, Inc. ("**Parley Labs**" and, collectively "Defendants") in the above referenced matter.  Defendants would like to file a motion to dismiss pursuant to Fed. R. Civ. P. 12 (the "**Motion**") and we write in compliance with your Individual Practices and Rules to request a pre-motion conference.  The bases for the Motion are: (i) the Court lacks personal jurisdiction over Mr. Bui-Tuong and so the Complaint should be dismissed as to him pursuant to Fed. R. Civ. P. 12(b)(2); and (ii) Plaintiff has not stated a claim for which relief can be granted and so the entire Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

I.   <u>The Court Lacks Personal Jurisdiction Over Mr. Bui-Tuong</u>

Plaintiff alleges that the Court has jurisdiction over Mr. Bui-Tuong pursuant to CPLR § 302 because he purportedly conducts business in New York and directed Parley Labs's actions.[1] However, Plaintiff has failed to allege any facts that show Mr. Bui-Tuong has done either.

"The 'transacting business' test under CPLR § 302(a)(1) requires the purposeful availment of the privilege of conducting activities within New York…."[2]  However, *all* of Plaintiff's interactions regarding the transaction, as alleged in the Complaint, were with Parley Labs, not Mr. Bui-Tuong.[3]

---

[1] Complaint, ¶¶ 5-10.

[2] *Friedman v. Schwartz*, No. 08-CV-2801 (JS), 2009 U.S. Dist. LEXIS 20249, at *8 (E.D.N.Y. Mar. 13, 2009).

[3] *See* Complaint, ¶¶ 15-17, 24-36.

Honorable Eric Komitee
March 7, 2022
Page 2

While a court may have personal jurisdiction over corporate officers who supervise and control an infringing activity, even a *prima facie* showing of supervision or control requires the plaintiff to allege sufficient detail that the defendant was the primary actor; "[c]ontrol cannot be shown based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation."[4]   However, the Complaint includes only conclusory allegations of control based on Mr. Bui-Tuong's title[5] and, thus, Plaintiff has failed to show the Court has personal jurisdiction over Mr. Bui-Tuong.[6]

## II.       Plaintiff Has Not Stated A Claim For Which Relief Can Be Granted

It is respectfully submitted that the Complaint also should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).  Each of Plaintiff's claims fails for multiple reasons.

*The deceptive practices and advertising claim* (Count I): Plaintiff has failed to make a threshold showing that the deceptive conduct was "consumer oriented" and not merely a "private contract dispute unique to the parties."[7]   Further, Plaintiff has failed to allege that the delivery estimates were "materially misleading," and, in any event, Defendants provided a judicially noticeable disclaimer to Plaintiff at the time of purchase[8] that bars Plaintiff's claim.[9]  This claim is thus fatally defective.

*The breach of contract claim* (Count II): Plaintiff has failed to allege that the contract between Plaintiff and Parley Labs included any delivery date provisions, much less that Parley Labs breached such provisions.  Therefore, Plaintiff has failed to state a breach of contract claim.[10]

---

[4] *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 393 (E.D.N.Y. 2018) (quoting *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 328 (S.D.N.Y. 2015)).

[5] Complaint, ¶¶ 6, 9, 37.

[6] *Trisvan*, 305 F. Supp. 3d at 290 ("On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, '[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit.'") (quoting *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013)).

[7] *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320 (N.Y. 1995).

[8] *See, e.g.*, *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) ("Pleadings include not just the four corners of the complaint.…  Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.").

[9] *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co.*, 37 N.Y.3d 169, 178-181 (N.Y. 2021) (finding no materially misleading statement because of disclaimer).

[10] *Capital Access Servs. v. Direct Source Seafood, LLC*, 767 F. Appx. 157, 158 (2d Cir. 2019) ("To state a claim for breach of contract under New York law, [plaintiff] 'must allege: (i) the formation of a contract between the parties;

Honorable Eric Komitee
March 7, 2022
Page 3

*The fraud claim* (Count III): The fraud claim is duplicative of Plaintiff's breach of contract claim and thus should be dismissed.[11]  The specific misrepresentations alleged here—estimates about a future delivery—also can never form the basis for a fraudulent misrepresentation claim because they are expressions of a future intent to perform under the contract.[12]  Moreover, claims of fraud must be pled with particularity[13] and Plaintiff must also allege facts that give rise to a strong inference of fraudulent intent.[14]  Here, the Complaint merely includes conclusory allegations that Parley Labs knew the delivery estimates were false without alleging any facts from which these conclusions could be inferred.  For these reasons, the fraud claim too should be dismissed.

*The unjust enrichment claim* (Count IV): New York law "does not permit recovery in quantum meruit… if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim."[15]  Here, it is obvious that the unjust enrichment claim is duplicative of Plaintiff's breach of contract claim and therefore must be dismissed.[16]  Parley Labs also has not been unjustly enriched because it agreed to issue a refund to Plaintiff.[17]

Respectfully submitted,


    */s/ David G. Keyko*
David G. Keyko

---

(ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'") (quoting *Orchard Hill Master Fund Ltd. v. SBA Commc'ns. Corp.*, 830 F.3d 152, 156 (2d Cir. 2016)).

[11] *Cont'l Petroleum Corp. v. Corp. Funding, LLC*, No. 11 Civ. 7801 (PAE), 2012 U.S. Dist. LEXIS 51841, at *31 (S.D.N.Y. Apr. 11, 2012) ("Where a fraud claim 'is premised upon an alleged breach of contractual duties, [] and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement, a cause of action sounding in fraud does not lie.'" (quoting *McKernin v. Fanny Farmer Candy Shops, Inc.*, 176 A.D.2d 233, 234 (2d Dep't 1991)); *see also Bridgestone/Firestone Inc. v. Recovery Credit Servs., Inc.*, 98 F. 3d 13, 20 (2d Cir. 1996) (Plaintiff can only recover "special damages that are caused by the misrepresentation and unrecoverable as contract damages" for claims of fraud.).

[12] *See, e.g.*, *Merrill Lynch & Co. v. Allegheny Energy, Inc.*, 500 F.3d 171, 184 (2d Cir. 2007) ("New York distinguishes between a promissory statement of what will be done in the future that gives rise only to a breach of contract cause of action and a misrepresentation of a present fact that gives rise to a separate cause of action for fraudulent inducement."); *GoSmile, Inc. v. Levine*, 81 A.D.3d 77, 81 (1st Dep't 2010) ("This Court, as well as the Court of Appeals, has held that a misrepresentation of present fact, *unlike a misrepresentation of future intent to perform under the contract*, is collateral to the contract….") (emphasis added)).

[13] Fed. R. Civ. P. 9(b).

[14] *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006).

[15] *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

[16] *U.S. ex rel. Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. Appx. 97, 101 (2d Cir. 2018).

[17] Complaint, ¶ 34.